{¶ 18} I respectfully dissent from the majority.
 {¶ 19} On appeal, we review whether the trial court abused its discretion by ruling on appellant's objections prior to her filing a transcript. If appellant had actually requested a transcript of the proceedings before the magistrate or sought leave to supplement the objections with the transcript of proceedings, I would agree with the majority. However, the record is void of any request for a transcript to be prepared. The last paragraph of the objections simply states: "[b]ecause of these erroneous findings by the Magistrate, Plaintiff asks the Court to overrule the Magistrate's decision and either grant judgment in favor of Plaintiff in the amount of $1,290.00, or to give Plaintiff a new trial before the Judge."
 {¶ 20} It must be noted that appellant failed to include in her brief, at Appendix 3, the last sentence of Civ. R. 53(D)(3)(b)(iii), which states: "[i]f a party files timely *Page 6 
objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." In the instant case, the objections were filed August 26, 2008. The trial court's entry is dated September 19, 2008, which left only six days for a transcript to be ordered and prepared. At the time of that entry, there was no request for any transcript of the proceedings before the magistrate to be prepared. Appellant did not seek leave of the court to supplement the objections as per the rule, and the relief requested by her gives no indication to the trial court that a request for transcript is forthcoming. Accordingly, under these facts, I cannot say the trial court abused its discretion in overruling appellant's objections to the magistrate's decision prior to the expiration of the deadline to file a transcript. *Page 1